■ SIDNEY FETNER et al., Doing Business as MAYFLOWER EQUITIES, Respondents, v BOSTON OLD COLONY INSURANCE COMPANY, Defendant, and ZURICH INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County, entered November 10, 1977, denying defendant Zurich Insurance

Company's motion denominated as one for renewal, unanimously reversed, on the law, with $60 costs and disbursements of this appeal to appellant, leave to renew granted and upon renewal, order of June 3, 1976 modified to the extent of granting plaintiffs' motion for summary judgment on liability except as to issues of payment and of the existence of another policy and granting said defendant's motion to serve an amended answer only to assert the affirmative defense of payment. Appeal from order, Supreme Court, New York County, entered June 3, 1976, granting plaintiffs' motion for summary judgment against defendant Zurich Insurance Company and denying said defendant's cross motion to serve an amended answer unanimously dismissed, without costs or disbursements, inasmuch as said order was superseded by the order of November 10, 1977. Plaintiffs had property insurance with defendants Zurich Insurance Company and Boston Old Colony Insurance Company on premises which were damaged by flooding caused by a ruptured water main. Both insurance companies disclaimed liability on the ground that the policies excluded damages for loss from flooding. Plaintiffs instituted suit for $25,000, but before trial Boston Old Colony settled for the sum of $17,000. Plaintiffs had made a motion for summary judgment on liability only against both defendants, but when Boston Old Colony settled, plaintiffs discontinued against it. Zurich opposed the motion and sought leave to serve an amended answer and a counterclaim for nonpayment of premiums. Summary judgment, as sought, was granted and Zurich's cross motion was denied. Later, when Zurich learned of the settlement with Boston Old Colony it sought leave to serve an amended answer which included the affirmative defense of payment. In its application for renewal Zurich offered two letters it had received from the attorney for Boston Old Colony regarding the terms of the settlement. The letters showed that under the settlement Boston Old Colony was to be subrogated to plaintiffs' rights in the within action against Zurich, and that Boston Old Colony would receive any damages awarded to plaintiffs against Zurich, less a one-third allowance for counsel fees for plaintiffs' attorney. There was an express reservation of rights against Zurich. Zurich contends that the terms of the settlement covered all losses claimed by plaintiffs in their pleadings and that since plaintiffs no longer suffer any uncompensated loss, they have no cause of action. The settlement by Boston Old Colony does not absolve Zurich of liability but requires further exploration which may be had at the assessment of damages. Because CPLR 3018 requires the defense of payment to be affirmatively pleaded, leave to amend the answer should have been granted. Except for the issue of payment and the effect of other insurance on damages, the issue of liability has been properly determined. Concur—Murphy, P. J., Lupiano, Silverman, Fein and Sullivan, JJ.